FORSTALL v. STEWART

---

(March 10, 1930. Opinion and Decree.)

---

Frank A. Miller and Solomon S. Goldman, of New Orleans, attorneys for plaintiff, appellee.

Louis Jung, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Defendant sold to plaintiff an electric refrigerator. Plaintiff sues for the rescission of the sale and the return of the purchase price, to-wit: $325, alleging that the refrigerator was defective and that after several attempts defendant was unable to adjust it so that it would operate satisfactorily.

Defendant contends that he was not able to satisfactorily adjust the machine because, though his employees called several times, it was impossible for them to enter plaintiff's residence due to his absence.

When the machine was first installed the employee who connected it had difficulty in doing so and had to break open a sealed compartment which the builders did not intend should be opened. On four different occasions this same employee called at the residence of plaintiff but was never able to fix the machine so that it would operate properly.

We are well convinced from the record that the machine was defective; that defendant was given ample opportunity to correct the defects and could not do so.

When defendant himself was placed on the witness stand he stated that he had had no complaints from other users about defects in their machines, but his memory seems to have been very poor on this point because our attention is called to the fact that only three months before giving this testimony he had brought suit against the manufacturing company which sold him the machines and had alleged in that suit that they were so defective that he had been besieged with complaints about them.

The district court felt as we do but, although the prayer attached to the petition asks that the sale be rescinded, the judgment rendered merely ordered the return of the purchase price to the plaintiff. Of course, if the plaintiff is to receive back his purchase price, the defendant should also receive back his merchandise.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be and it is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Harry Forstall and against the said defendant, Samuel B. Stewart in the full sum of $325 with legal interest from judicial demand until paid and that said Samuel B. Stewart be ordered and required to receive back and to remove the refrigerator. All costs to be paid by defendant and appellant.